IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CHADSMUN K. MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-2928-STA-cgc |
| | ) |
| | ) |
| CITY OF MEMPHIS, Officer | ) |
| JEFF ARTHUR, individually, and | ) |
| as an employee of CITY OF | ) |
| MEMPHIS, OFFICER WESLEY | ) |
| THOMPSON, individually and as an | ) |
| employee of CITY OF MEMPHIS, and | ) |
| JOHN DOE, individually and as an | ) |
| employee of CITY OF MEMPHIS, | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANT THE CITY OF MEMPHIS' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS AND REMANDING STATE LAW CLAIMS AGAINST THE CITY OF MEMPHIS TO STATE COURT**

_____

Before the Court is Defendant the City of Memphis' ("Defendant") Motion to Dismiss the Complaint and Motion for Judgment on the Pleadings (D.E. # 9), filed on November 7, 2011. Plaintiff filed a Response (D.E. # 10) on December 16, 2011. For the following reasons, Defendant's Motion is **GRANTED**, and the state claims remaining against Defendant are hereby **REMANDED** to state court.

### BACKGROUND

On September 26, 2011, Plaintiff filed his Complaint in Shelby County Circuit Court alleging three causes of action: violation of 42 U.S.C. § 1983, assault, and intentional infliction

of emotional distress ("IIED"). (D.E. # 1-2.) Defendant removed the case to this Court on October 18, 2011. (D.E. # 1.) The docket reflects little activity until Defendant filed the Motion now before the Court on November 7, 2011. Additionally, Plaintiff's Response to Defendant's Motion contained one paragraph requesting the Court to let him amend the Complaint. (D.E. # 10, at 1.) The Court denied this request and gave Plaintiff two weeks to file a proper Motion to Amend the Complaint. (D.E. # 16.) Plaintiff chose not to do so; therefore, the Court will evaluate Plaintiff's original Complaint as contained at D.E. # 1-2.

The following facts are taken as true for purposes of this Motion. Plaintiff resides at 2603 Hawkins Mill in Memphis, Tennessee. (Compl. ¶ 1.) On September 24, 2010, his neighbors called Animal Control regarding four pit bulls which appeared to be starving in the backyard. (*Id.* ¶ 8.) After arriving on the scene, Memphis Police officers Jeff Arthur ("Arthur") and Wesley Thompson ("Thompson") entered the backyard where Plaintiff and his mother, Carolyn Jordan ("Jordan"), were waiting. (*Id.* ¶ 9.) Plaintiff alleges that Arthur and Thompson grabbed Jordan as they exited the backyard, placed her against their car, handcuffed her, and placed her under arrest. (*Id.*)

After Plaintiff saw Arthur and Thompson arrest his mother, he called the Memphis Police Department and requested the dispatcher to send a lieutenant to the scene. (*Id.* ¶ 10.) While he was on the phone, Arthur and Thompson ordered Plaintiff to leave the scene, but before leaving, Plaintiff indicated that he wanted to retrieve his vehicle. (*Id.*) One of the two officers approached Plaintiff, pepper-sprayed him, and handcuffed him. (*Id.*) Plaintiff states that he did not act aggressively at any time. (*Id.*)

## STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief

can be granted" under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1] When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[2] However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including "conclusory allegations" need not be accepted as true.[3] To avoid dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[4]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[5] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[6] To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that

---

[1] Fed. R. Civ. P. 12(b)(6). Defendant also captioned its Motion as a Motion for Judgment on the Pleadings under Rule 12(c). Rule 12(c) motions are filed "after the pleadings are closed but early enough not to delay trial." However, Defendant has not filed an Answer. Therefore, the pleadings are not closed, Rule 12(c) does not apply, and the Court will evaluate the Motion as a Motion to Dismiss under Rule 12(b)(6) only.

[2] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

[3] *Id.*

[4] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## ANALYSIS

### Abandonment of Certain Claims

In his Response, Plaintiff does not contest several areas of Defendant's Motion. Accordingly, the Court will address these uncontested issues before proceeding to the contested issues.

In its Motion, Defendant moves to dismiss Plaintiff's claims under 42 U.S.C. §§ 1981, 1985, 1986, and 1988; the Fifth Amendment's due process clause; the Eighth Amendment; and the Tennessee constitution.[9] Plaintiff varies the wording in response to each of these arguments, but in essence, Plaintiff does not contest their dismissal. For example, Plaintiff alleges that the Complaint states a claim under § 1985 without citing to any legal authority or providing additional analysis, but he also asserts that "a mere amendment will cure any such error."[10] Plaintiff did not take advantage of the Court's direction to file a Motion to Amend the Complaint; accordingly, the Court interprets Plaintiff's statement as not opposing dismissal of his claims under § 1985. Plaintiff does not mention § 1986, nor does he respond to Defendant's

---

[7] *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[8] *Iqbal*, 129 S. Ct. at 1949.

[9] (Def.'s Mot., D.E. # 9-1, at 1 n.1, 6-7, 11-13.)

[10] (Pl.'s Resp., D.E. # 10, at 1.)

arguments regarding §§ 1981 and 1988. Furthermore, Plaintiff concedes that he cannot state a claim under the Fifth and Eighth Amendments or the Tennessee constitution due to controlling Sixth Circuit precedent.[11]

District courts in this Circuit routinely grant summary judgment as to claims a plaintiff fails to support or address in a response to a motion for summary judgment.[12] Moreover, this Court has previously dismissed unsupported claims.[13] Because Plaintiff does not contest the dismissal of his Fifth Amendment, Eighth Amendment and Tennessee constitution claims, the Court finds that Plaintiff has abandoned those claims. Moreover, because Plaintiff failed to amend his Complaint when previously given the opportunity, this Court finds that Plaintiff has also abandoned his §§ 1981, 1985, 1986, and 1988 claims. Accordingly, Defendant's Motion to Dismiss these abandoned claims is **GRANTED**.

## § 1983

In his Complaint, Plaintiff alleges that Arthur and Thompson's actions demonstrate a

---

[11] (*Id.* at 3-4.)

[12] *See Burress v. City of Franklin, Tenn.*, 809 F. Supp. 2d 795, 809 (M.D. Tenn. 2011); *Anglers of the Au Sable v. U.S. Forest Serv.,* 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008)*; Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 679 (S.D. Ohio 2005); *Kattar v. Three Rivers Area Hosp. Auth.*, 52 F. Supp. 2d 789, 798 n.7 (W.D. Mich. 1999). *See also Clark v. City of Dublin,* No. 05-3186, 2006 WL 1133577, at *3 (6th Cir. Apr. 27, 2006) (where the appellant did not properly respond to the arguments asserted against his ADEA and ADA claims by the appellees in their motion for summary judgment, the appellant had abandoned his ADEA and ADA claims); *Conner v. Hardee's Food Sys.,* No. 01-5679, 2003 WL 932432, at *4 (6th Cir. Mar. 6, 2003) (finding that the plaintiffs had abandoned their claim "[b]ecause [they] failed to brief the issue before the district court"); *Hazelwood v. Tenn. Dept. of Safety*, No. 3:05-cv-356, 2008 WL 3200720, at *8 (E.D. Tenn. Aug. 5, 2008).

[13] *See, e.g.*, *McNeil v. Sonoco Prods. Co.*, No. 10-2411-STA, 2012 WL 1038767, at *8 (W.D. Tenn. Mar. 27, 2012).

custom, policy, or practice concerning the misbehavior of the rank and file of its police force pursuant to 42 U.S.C. § 1983.[14]  Section 1983 prohibits deprivations "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage of any State."[15]  Section 1983 plaintiffs must demonstrate two elements: "(1) that she [or he] was deprived of a right secured by the Constitution or laws of the United States; and (2) that she [or he] was subjected or caused to be subjected to this deprivation by a person acting under color of state law."[16]  To hold a municipality liable under § 1983, a plaintiff must also demonstrate that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"[17] and that "an affirmative link [exists] between the policy and the particular constitutional violation alleged."[18]  Thus, a plaintiff must identify the policy or custom causing his or her injury before showing that the municipality acted with the degree of culpability necessary to create a direct causal link between the municipality's action and the plaintiff's deprivation of federal rights.[19]

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint "contains nothing

---

[14]   (Compl. ¶ 19.)

[15]   42 U.S.C. § 1983.

[16]   *Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 770 (E.D. Tenn. 2010) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000)).

[17]   *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[18]   *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

[19]   *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

more than conclusory allegations that the City is liable for damages."[20]  Because Plaintiff fails to support these allegations with facts, Defendant submits that Plaintiff's Complaint cannot survive *Twombly* and *Iqbal*.[21]  In response, Plaintiff states that investigation and discovery prior to trial will reveal facts in support of his § 1983 claim.[22]

       This Court finds that Plaintiff has not successfully alleged a § 1983 claim against Defendant.  Plaintiff's claims regarding Defendant's custom, policy, or practice concerning the misbehavior of the rank and file of its police force amount to legal conclusions unaccompanied by additional factual assertions.  Thus, Plaintiff's allegations simply recite the elements of a § 1983 claim.  Indeed, Plaintiff alleges in detail the arrival and actions of Arthur and Thompson at his address on September 24, 2010.  However, the Complaint contains no facts related to any municipal policy, custom, or practice regarding the wrongful detention and questioning of suspects and use of unreasonable force when responding to residential calls.  While it does contain conclusions and recites the elements of *Monell* liability, in the face of *Twombly* and *Iqbal*, conclusions and elements are not enough.  Plaintiff must plead facts, and he has failed to do so.  In short, Plaintiff's Complaint contains

> no facts . . . that reasonably describe a specific policy or custom of the City . . . that violated [Plaintiff's] constitutional rights.  Instead, [the pleading] merely recites the elements of a cause of action to hold the City . . . responsible for the actions of its employees.  This is precisely the type of claim that is not actionable

---

[20]    (Def.'s Mot., D.E. # 9-1, at 9.)

[21]    (*Id.*)

[22]    (Pl.'s Resp., D.E. # 10, at 2.)

in a § 1983 action.[23]

As a result, Plaintiff's pleadings have "stop[ped] short of the line between possibility and plausibility" regarding municipal liability.[24] Therefore, Defendant's Motion to Dismiss Plaintiff's § 1983 claim is **GRANTED**.

Defendant also moved to dismiss all of Plaintiff's constitutional claims.[25] Plaintiff opposed dismissal of only the Fourteenth and Fourth Amendment claims.[26] Because the Court has dismissed Plaintiff's § 1983 claim against Defendant, the remaining alleged constitutional violations must be dismissed as well. According, Defendant's Motion to Dismiss Plaintiff's Fourth and Fourteenth Amendment claims is **GRANTED**.

## **TGTLA**

In its Motion, Defendant relies on the Tennessee Governmental Tort Liabilities Act

---

[23] *Buster v. City of Cleveland*, No. 09-1953, 2010 WL 330261 at *9 (N.D. Ohio Jan. 21, 2010) (dismissing claim of *Monell* liability which only "tenders naked assertions devoid of further factual enhancement"). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) ("The danger in appellants' argument is that they are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would result in a collapsing of the municipal liability standard into a simple *respondeat superior* standard.").

[24] *See also Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (dismissing § 1983 claim for *Monell* liability based on improper traffic stop); *Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 10-0589, 2010 WL 3619790, at *3 (M.D. Tenn. Sept. 13, 2010); *Ghaster v. City of Rocky River*, No. 09-2080, 2010 WL 2802685, at *7 (N.D. Ohio May 12, 2010); *Williams v. City of Cleveland*, No. 09-1310, 2009 WL 2151778, at *4 (N.D. Ohio Jul 16, 2009) (holding that plaintiff failed to state a *Monell* claim where he made "no factual allegation that can support the conclusion that the City has a policy or custom of ignoring exculpatory evidence and continuing with prosecutions").

[25] (Def.'s Mot., D.E. # 9-1, at 10-11.)

[26] (Pl.'s Resp., D.E. # 10, at 2-3.)

("TGTLA") to argue that sovereign immunity applies as to Plaintiff's § 1983 claim.[27] Defendant does not address the TGTLA's application to Plaintiff's assault and IIED claims. Because the Court has already dismissed the § 1983 claim against Defendant, the Court need not reach Defendant's argument regarding the TGTLA.

## Supplemental Jurisdiction

When a federal court has jurisdiction over a civil action by virtue of original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[28] A district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[29] Generally, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."[30] While this rule is not mandatory, when "all federal claims are eliminated before trial, the balance of factors . . . under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining

---

[27] (Def.'s Mot., D.E. # 9-1, at 14.)

[28] 28 U.S.C. § 1367(a).

[29] *Id.* § 1367(c)(1-4).

[30] *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

state-law claims."[31]  Several factors discussed by the Supreme Court in *Gibbs* include judicial economy, convenience, and fairness to the litigants; avoiding needless decisions of state law to promote justice between the parties; and whether state issues substantially predominate.[32]

Here, the Court has found that Plaintiff either abandoned all of his federal claims or failed to successfully state a federal claim.  Plaintiff's assault and IIED claims are ambiguous; they allege that "Defendants" committed assault and IIED without identifying whether "Defendants" includes the City of Memphis.  Construing the Complaint broadly, the Court finds that Plaintiff has brought state law claims of assault and IIED against Defendant.  Defendant did not move to dismiss these claims.  Accordingly, the only claims against Defendant remaining before the Court are Plaintiff's assault and battery claims.

After weighing the *Gibbs* factors, in the exercise of its discretion, the Court has determined that these state law claims would best be resolved in Shelby County Circuit Court.  The issues in these state claims are fundamentally those of state law: assault and IIED.  Moreover, this case began in state court; permitting the state court to decide the remaining state law issues would promote justice between the parties.  And the many bases for federal jurisdiction contained in the Notice of Removal—including 42 U.S.C. § 1983—are no longer viable claims because Plaintiff effectively abandoned them or the Court has dismissed them.  Furthermore, remanding the case to state court would help conserve the limited judicial resources available in federal court.  Accordingly, the Court will exercise its discretion and decline to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims

---

[31]     *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[32]     *Gibbs*, 383 U.S. at 726.

against Defendant. Therefore, this remainder of Plaintiff's case the City of Memphis is **REMANDED** to Shelby County Circuit Court for further proceedings.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. All of Plaintiff's claims against Arthur and Thompson remain viable, and the Court retains jurisdiction over Plaintiff's claims against Arthur and Thompson. The remainder of Plaintiff's case against Defendant is **REMANDED** to Shelby County Circuit Court.

   **IT IS SO ORDERED**.

                                        s/ S. Thomas Anderson
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: August 24, 2012.